# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| United States of America, | Case No. 2:10-cr-203-JAD-GWF |
|---|---|
| Plaintiff, | |
| v. | **Order Denying Motion to Withdraw Guilty Plea [Doc. 121]** |
| Ki Chong Yoo, | |
| Defendant. | |

Defendant Ki Chong Yoo was indicted for conspiracy to kidnap and travel in interstate commerce in aid of racketeering, one count of travel in interstate commerce in aid of racketeering, and three counts of kidnapping. Docs. 1; 37. It is alleged that Yoo and two other individuals rang the doorbell at a Las Vegas, Nevada home, entered the dwelling under false pretenses, and held its occupants captive while demanding the passcode for a safe. *See* Doc. 37. An occupant escaped and notified authorities, who arrested Yoo and his co-defendants after they fled the house. *See id.*

Yoo is a Korean national who does not read, write, speak, or comprehend English. On November 13, 2012, Yoo executed a 10-page binding plea agreement whereby he agreed to plead guilty to one count of conspiracy to travel in interstate commerce and one count of interstate travel in aid of racketeering. Doc. 95 at 1. Both counts carry a penalty of up to 60 months in prison, and the plea deal contemplates that the sentences on the two counts will run consecutively, for a total term of imprisonment of ten years. *See id.* at 3, ¶ D.

On February 12, 2013, Yoo appeared before United States District Court Judge Gloria Navarro with the aid of a certified interpreter and his attorney Chad Bowers, Esq., and entered his

guilty plea after an extensive plea canvas on the record. Doc. 128-1. Judge Navarro ascertained that Yoo did not have the ability to comprehend the English language, but that a copy of the indictment had been provided to him in Korean, and an interpreter was present during the plea discussions. Doc. 127 at 3. After the Court found Yoo competent to enter a valid plea, the plea agreement was summarized. *Id.* at 7-10. The summary conceded that the court had the power to reject the plea agreement. *Id.* at 9. Yoo then told the judge that he had enough time to go over the charges to which he intended to plead guilty, but he did express dissatisfaction with his counsel's representation, because he disagreed with the amount of jail time he will be serving if the Court accepts his binding plea agreement. *Id.* at 11-12. The Judge noted that the government did not have to offer Yoo anything; reiterated that he has a right to trial, as well as the fact he would be waiving that right by pleading guilty; informed him of the material consequences of being adjudicated a felon; and confirmed that he knew that based on the plea agreement, he will be serving a sentence of 120 months, and be unable to appeal his sentence unless the judge sentences him to more than 120 months. *Id.* at 15-19, 21.

After extended colloquy, Yoo indicated that he was pleading guilty because he is in fact guilty, that he had not been coerced, and that no other promises have been made in connection with his decision to plead guilty. *Id.* at 21. Yoo confirmed that he knew what his options were; and then the Court asked Yoo what he wanted to do. *See id.* at 15-16. Yoo chose to proceed with the plea agreement and plead guilty. *Id.* at 17-18. At no point in the proceedings did Yoo state that he did not understand either the indictment or the terms of the plea agreement, even after its terms were summarized in open court. Doc. 128-1 at 7-11. In fact, after extensive discussion about Yoo's options, the Court asked, "And so do you wish to go forward with the plea today or do you wish to go to trial?" *Id*. at 17. Yoo replied, "I will follow the agreement." *Id*. The hearing transcript does not reflect that Yoo was ever confused as a result of the Korean-English interpretation that occurred during the February 12, 2013 hearing.

On March 8, 2013, Yoo submitted a letter to the Court and counsel requesting a written Korean translation of his plea agreement. Doc. 106. On May 7, 2013, after Yoo received a written copy, he personally filed a motion to withdraw his plea agreement claiming, without detail, that "the

translated copy of the plea agreement varies significantly from what the translator who accompanied defendant's counsel during the signing of the plea agreement translated to him." Doc. 111 at 1-2.[1] In May 2013, Judge Navarro granted Mr. Bowers' motion to withdraw as Yoo's attorney; Chris Aaron, Esq. was appointed as his new counsel; and Mr. Aaron was advised to meet and confer with Mr. Bowers to evaluate whether a motion to withdraw the plea agreement remained necessary. Doc. 114. This case was transferred to the undersigned on August 13, 2013. Doc. 118.

On November 21, 2013, Yoo—through attorney Aaron—moved once more to withdraw his guilty plea, re-asserting that his plea agreement was not properly translated into Korean and, as a result, he "did not understand the nature or gravity of the charges to which he pled nor the term of incarceration involved." Doc. 121 at 2. Yoo also contends that his counsel was ineffective in failing to procure another translation of the agreement and pressured him into signing it. *Id.* The motion also asks the Court to allow new counsel, Mr. Aaron, to withdraw as counsel. *Id*. at 3. The government opposes the motion, Doc. 128, arguing that the plea colloquy belies this story and that Yoo has provided nothing more than conclusory and unsubstantiated reasons why he should be permitted to withdraw his plea.

Having thoroughly reviewed the motion, the government's response, the plea agreement, and the transcript of the plea hearing, the Court finds Yoo's arguments unconvincing and starkly contradictory to his sworn testimony at his plea hearing. Although the Court finds that the record related to Yoo's plea is substantially detailed to permit the Court to rule on this motion without the benefit of a hearing and therefore vacates the portion of the January 23, 2014, hearing scheduled for discussion of the plea-withdrawal motion, the Court defers any ruling on the (very vague) request for Mr. Aaron's withdrawal as counsel until after a hearing to explore that issue with the benefit of details.

---

[1] Doc. 111 is not currently pending before the Court and its contents will not be discussed here. After both the hearing and after Doc. 111 was filed, Yoo was appointed new counsel. Doc. 115.

## Discussion

**A.     Necessity of Hearing on the Plea-withdrawal Request**

Yoo does not specifically request a hearing on the motion to withdraw his guilty plea. The Court originally set the motion for a hearing on January 8, 2014, Doc. 122, and then continued the hearing until January 23, 2014. Doc. 130. The first issue is whether an evidentiary hearing on the motion to withdraw the guilty plea remains necessary.

"Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a sufficient basis for reaching an informed decision." *United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir. 1997) (internal quotation omitted). The Ninth Circuit reviews a denial of an evidentiary hearing for abuse of discretion, and has found that no hearing need be provided on a motion to withdraw a guilty plea where the movant's new allegations were answered "[i]n all significant respects" during prior proceedings. *United States v. Erlenborn*, 483 F.2d 165, 167 (9th Cir. 1973); *cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (holding that, in ineffective assistance of counsel case, no evidentiary hearing need be provided where "the record conclusively shows that [the] trial attorney was not ineffective"). In other contexts, the Ninth Circuit has held that "[a]n evidentiary hearing . . . need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (considering motion to suppress). Moreover, the Court need not hold an evidentiary hearing where "[t]estimony from live witnesses would have been largely cumulative of evidence that the court had already received." *United States v. Smith*, 155 F.3d 1051, 1063 n.18 (9th Cir. 1998) (request to review allegedly tainted evidence).[2]

Upon review of the record, the Court finds that a hearing on the motion to withdraw the plea is not necessary because Yoo's allegations were answered in all significant respects during the plea

---

[2] Where the court knows or has reason to know that the plea in question was part of a "package deal" involving several defendants, the Court should undertake a more exacting inquiry into whether the plea was knowing and voluntary, as there is a heightened probability of coercion in such instances. *See United States v. Caro*, 997 F.2d 657, 659 (9th Cir. 1993). Although Yoo, Lee, and Kim were charged with identical crimes in this case, there is no indication that Yoo's plea was part of a "package deal."

colloquy. The 28-page transcript of the plea hearing, containing his sworn statements made under oath and penalty of perjury, furnishes a full and complete record illustrating Yoo's beliefs, thoughts, and concerns on his negotiated sentence—**the** topic that Yoo asserts as the basis for his request to withdraw the plea, and Yoo offers nothing to suggest that a hearing will aid in the Court's disposition of the motion to withdraw the plea. Therefore, the Court vacates the portion of the January 23, 2014, hearing dedicated to the plea-withdraw request and resolves this motion via this written order.

**B.     Motion to Withdraw the Guilty Plea**

A criminal defendant has no right to withdraw a guilty plea. *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987). However, a district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any "fair and just reason," a standard that is liberally applied. Fed. R. Crim. Proc. 11(d)(2); *United States v. Ortega-Asciano*, 376 F.3d 879, 883 (9th Cir. 2004); *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ortega-Asciano*, 376 F.3d at 883. The district court must vacate a guilty plea that was "unfairly obtained or given through ignorance, fear or inadvertence." *Rubalcaba*, 811 F.2d at 493 (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927)). The defendant has the burden of establishing a fair and just reason for withdrawal. *See* Rule 11(d)(2)(B).

When the record reflects that the defendant's plea was knowing and voluntary and made with full understanding that the court was not bound by any sentencing agreement, the district court does not abuse its discretion in refusing to allow withdrawal of the plea. *United States v. Garcia*, 909 F.2d 1346, 1349 (9th Cir. 1990). "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Thus, the Court need not grant any request to withdraw when the reasons given contradict statements made during the plea colloquy. *United States v. Castello*, 724 F.2d 814, 815 (9th Cir. 1984). This allows the court to deny a request to withdraw when the defendant has simply changed his mind. *Garcia*, 909 F.2d at 1348.

Yoo claims "a misunderstanding regarding the translation of the Plea Agreement into the Korean language resulting in a gross mischaracterization of his possible sentencing exposure" caused him to enter into the plea agreement without understanding "the nature or gravity of the charges to which he pled nor the term of incarceration involved." Doc. 121 at 1-2. He also baldly "insists that his previous attorney failed to procure another translation and pressured him into signing." *Id*. at 2. But the extensive discussions during the plea hearing belie these post hoc allegations.

First, the bald claim that Yoo signed the plea agreement due to pressure by counsel is contradicted by his sworn testimony during his plea hearing. Yoo acknowledged that no one had "made any threats or promises to [him] or forced [him] to plead guilty." Doc. 128-1 at 22, l.7-9. When asked if he was pleading guilty "because of any coercion or fear of any co-defendants," he replied, "No, there's nothing like that." *Id*. at 22, l. 14-16. Moreover, it was clear during the hearing that Yoo was unhappy with his lawyer because he thought he should have gotten him a better sentencing deal. *Id*. at 12, l.7-15, l.17 (wherein Yoo explains that his dissatisfaction is due to "the penalty" and his belief that he deserved more leniency than his co-defendants). The Court also repeatedly advised Mr. Yoo that it was entirely his choice whether to accept the plea agreement or go to trial and gave Mr. Yoo numerous chances to either "go forward with the plea agreement" or "go to trial," and Yoo concluded, "I will follow the agreement." *Id*. at 17, l. 8. Thus, his belated and nondescript post-plea allegation that his decision to enter a guilty plea had anything to do with pressure from counsel is not credible.

Yoo's contention that he did not realize the gravity of the plea agreement or his possible sentencing exposure is even less credible. The plea agreement is a binding deal—not just on the parties but on the Court. It calls for a ten-year sentence (two consecutive five-year sentences for the two counts he is pleading to). If the Court rejects the agreement for the ten-year sentence, the agreement is "null and void." Doc. 95 at 2, ¶ C(3); Doc. 128-1 at 20-21. This ten-year sentence term was repeatedly discussed—in numerous ways—throughout the plea colloquy. Doc. 128-1 at 9, 10, 11-14, 16, 18-19, 20-21. These discussions concluded with:

| | | |
|---|---|---|
| The Court: | . . . aside from the sentence of 120 months, has anyone made any other promises to you about your sentence? | |
| Yoo: | Uh, I don't understand. | |
| The Court: | All right. You will be sentenced to 120 months in prison. **Are there any other promises that have been made to you about what your sentence will be?** | |
| Yoo: | No. **As far as I know, it's 120 months**. | |

Doc. 128-1 at 22, l. 17-25 (emphasis added). Yoo then admitted the facts that support his plea. *Id*. at 23-25.

In light of the extensive discussion about the sentence in this binding plea agreement and Yoo's specific acknowledgment that it was 120 months, the Court does not find credible his claim that he was somehow unaware of the sentencing exposure when he entered his plea. A defendant must establish "a reasonable probability that, but for the [Rule 11] error, he would not have entered the [guilty] plea." *Ross*, 511 F.3d at 1236 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). Other courts have applied this "but for" standard to withdrawals made on the basis of, *inter alia*, the court's failure to provide the defendant with a written translation of a plea agreement. *See In re Sealed Case*, 670 F.3d 1296, 1302-03 (9th Cir. 2011).[3] Similar to *In re Sealed Case*, Yoo has not explicitly stated in his motion that "but for" alleged translation errors, he would not have pled guilty. The detailed discussions and canvassing at his plea hearing belie both the claim that he was operating under the belief that the plea agreement contained something other than a 120-month sentence and the notion that, had he been provided with some other translation, he would not have entered a guilty plea. The Court declines to credit the bald and unsubstantiated arguments contained in the motion over Yoo's prior sworn testimony. *Castello*, 724 F.2d at 815. Bereft of a "fair and just" reason to set aside his guilty plea and with its bald claims refuted by Yoo's sworn testimony at his plea hearing, Yoo's motion to withdraw must be denied.

---

[3] One outlying trial court case found that "an interpreter's oral description of the contents of a critical document [is] insufficient," and that defendants should be provided with translated copies of all documents introduced in their criminal case. *United States v. Mosquera*, 816 F. Supp. 168, 175 (E.D.N.Y 1993). However, *Mosquera* was a complex case involving 18 defendants, all of whom did not speak English and were represented by different counsel. It has since been widely distinguished, and found inapplicable to "relatively simple" factual scenarios, such as this one. *See, e.g.*, *United States v. Martinez*, 120 F. Supp. 2d 509, 514 (W.D. Pa. 2000).

**Conclusion**

**IT IS THEREFORE ORDERED** that the Order setting the request to withdraw the plea hearing for January 23, 2014, Doc. 130, is VACATED only in part as to this specific portion of the motion;

**IT IS FURTHER ORDERED** that Yoo's Motion to Withdraw Plea Agreement [Doc. 121] is DENIED; the Court reserves decision on the request for withdrawal of counsel until after the January 23, 2014, hearing.

DATED: January 23, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE